# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROFITSTREAMS, LLC,<br><br>                    Petitioner,<br>vs.<br><br>AMERANTH, INC.,<br><br>                    Respondent. | CASE NO. 11 CV 0766 MMA (JMA)<br><br>**ORDER DENYING RESPONDENT AMERANTH INC.'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12**<br><br>[Doc. No. 6] |

     On April 13, 2011, Profitstreams, LLC filed a petition to compel arbitration against Ameranth, Inc. [Doc. No. 1.] On April 25, 2011, Ameranth filed the pending motion for a more definite statement under Federal Rule of Civil Procedure 12(e), or, in the alternative, to dismiss the petition for failure to state a claim upon which relief can be granted under Rule 12(b)(6). [Doc. No. 6.] For the reasons stated herein, the Court **DENIES** Ameranth's Rule 12 motion, and **ORDERS** Ameranth to respond to the petition.

## BACKGROUND

     On August 27, 2008, Profitstreams and Ameranth entered a Second Amended and Restated License Agreement ("Agreement"), under which Profitstreams obtained a license for certain technology owned by Ameranth. [Doc. No. 1, Exh. A.] A dispute has arisen between the parties regarding the scope of the Agreement. [Doc. No. 1, p.3.][1] It appears the parties attempted to

---

[1] Profitstreams invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. [Doc. No. 1, p.4.]

resolve the dispute informally, and when those efforts failed, Profitstreams sought to initiate arbitration proceedings as required by the Agreement. [*See* Doc. No. 16, Exhs. A-I.][2] The Agreement contains the following dispute resolution provisions:

**14.2    Governing Law and Dispute Resolution:**

14.2.1  . . .

14.2.2  <u>Any dispute arising out of or in connection with this Agreement</u>, including any question regarding its existence, validity or termination, <u>shall first be referred to each Party's appointed management, and the Parties shall use reasonable efforts to resolve such dispute.</u>

14.2.3  <u>Any dispute that is not resolved as provided in the preceding Section 14.2.2</u>, whether before or after termination of this Agreement, <u>will be referred to binding arbitration</u> under the Commercial Arbitration Rules of the American Arbitration Association in the city and state where the defendant party has its headquarters. Except with respect to a breach of Section 2.5 or any other unauthorized transfer of Ameranth's intellectual property or proprietary rights, the arbitrator shall not be authorized to award, and no party shall be obligated to pay to the other Party hereunder, punitive, exemplary, consequential, indirect, special or incidental damages or lost profits (collectively "***Special Damages***") with respect to any such claim or controversy, nor shall any party seek Special Damages relating to any matter under, arising out of or relating to this Agreement in any other forum. Judgment upon the award of the arbitrators may be entered in any court having jurisdiction thereof or such court may be asked to judicially confirm the award and order its enforcement, as the case may be.

14.2.4  . . .

14.2.5  <u>Notwithstanding anything to the contrary in this Section 14, either Party shall be entitled to seek injunctive relief in any court of competent jurisdiction for a breach or threatened breach of Section 13 or any infringement of such Party's intellectual property or proprietary rights.</u>

[Doc. No. 1, Exh. A, p.16 (bold and italics in original) (underline added).]

Ultimately, the parties reached an impasse regarding which claims could be sent to arbitration, and Profitstreams filed its petition to compel Ameranth to participate in arbitration to

---

[2] Ameranth objects to email correspondence submitted by Profitstreams on the grounds that Profitstreams did not properly authenticate the correspondence, it lacks foundation, it is irrelevant, and it is largely hearsay. [Doc. No. 18-1.] Because the Court does not rely on the correspondence to reach its decision on Ameranth's pending motion, the Court **OVERRULES** Ameranth's objections without prejudice, for purposes of the current motion only.

resolve their dispute regarding the scope of the license. [Doc. No. 1.] The petition is drafted as a motion, not as a civil complaint. Accordingly, Ameranth asserts Profitstreams's case initiating document is improper, and so vague that it cannot form a meaningful response. [Doc. No. 6.]

## LEGAL STANDARDS

Federal Rule of Civil Procedure 81(a)(6) provides that, to the extent applicable, the Federal Rules of Civil Procedure govern arbitration proceedings under 9 U.S.C. §§ 1 *et seq.*, unless the arbitration laws provide otherwise. Fed. R. Civ. Proc. 81(a)(6)(B).

### I.   FED. R. CIV. PROC. 12(e)

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see *Coleman v. Sterling*, 2011 U.S. Dist. LEXIS 47377 * 11 (S.D. Cal. May 3, 2011) (citing *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996)). "[A] motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Bureerong*, 922 F. Supp at 1461 (citation omitted). A motion under Rule 12(e) "is used to provide a remedy for an unintelligible pleading rather than a correction for lack of detail." *Coleman*, 2011 U.S. Dist. LEXIS at *11-12 (citing *North County Communs Corp. v. Sprint Communs Co., L.P.*, 2010 U.S. Dist. LEXIS 35825, at *1 (S.D. Cal. Apr. 12, 2010)). "Motions for a more definite statement are generally viewed with disfavor and are rarely granted." *Id.* (citing *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)).

### II.   FED. R. CIV. PROC. 12(b)(6)

When a party challenges a petition to compel arbitration by filing a motion to dismiss under Rule 12(b)(6), the petition survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Fund Raising v. Alaskans for Clean Water*, 2009 U.S. Dist. LEXIS 106549 *3-5 (C.D. Cal. Oct. 29, 2009). The court reviews the contents of the petition, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

1    "When there are well-pleaded factual allegations, a court should assume their veracity and
2 then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, --
3 U.S. -- , 129 S. Ct. 1937, 1950 (2009). A claim has "facial plausibility when the plaintiff pleads
4 factual content that allows the court to draw the reasonable inference that the defendant is liable
5 for the misconduct alleged." *Id.* at 1949. "The plausibility standard is not akin to a 'probability
6 requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."
7 *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it
8 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing
9 *Twombly*, 550 U.S. at 557).

## DISCUSSION

### I. FORMAT OF PETITION

"A party to a valid arbitration agreement may petition any United States district court for an order directing that such arbitration proceed in the manner provided for in such agreement." *Lansmont Corp. v. SPX Corp.*, 2011 U.S. Dist. LEXIS 65611 *16 (N.D. Cal. Jun. 20, 2011) (internal marks omitted) (citing *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004) (quoting 9 U.S.C. § 4)). Ameranth asserts Profitstreams's petition is improperly formatted as a motion, and fails to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10. [Doc. No. 6, p.5.] Ameranth argues the deficient pleading makes it impossible for Ameranth to formulate a meaningful response to the petition, in part, because it lacks numbered paragraphs and fails to identify specific causes of action and the corresponding relief sought. The Court disagrees.

Section 6 of the Federal Arbitration Act ("FAA") provides that, "[a]ny application to the court [under the FAA] shall be made and heard in the manner provided by law for the making and hearing of *motions*, except as otherwise expressly provided herein." 9 U.S.C. § 6 (emphasis added). In addition, Federal Rule of Civil Procedure 7(b)(1) requires a request for a court order to be made by motion. Because Profitstreams initiated this action to request the Court to order the parties to arbitration, the petition reasonably may proceed as a motion, and is subject to the

Federal Rules governing motion practice, not pleadings.  *See, e.g., Patriot Mfg., Inc. v. Dixon*, 399 F. Supp. 2d 1298, 1299 n.1 (S.D. Ala. 2005).

## II.  ALLEGATIONS IN PETITION

Ameranth further contends Profitstreams's allegations are insufficient because Profitstreams does not assert it complied with the conditions precedent to invoking the arbitration provisions, nor does Profitstreams specify the exact claims it desires to arbitrate and specify why those claims are arbitrable.  Again, the Court disagrees.

Profitstreams's petition states with particularity the relief sought and identifies grounds for that relief.  Specifically, Profitstreams asserts the parties entered an Agreement on August 27, 2008, and that a dispute has arisen regarding the scope of the license in that Agreement. [Doc. No. 1, p.1.] Profitstreams alleges, it "believes that the license in the Agreement covers all of the claims" of the patents at issue, whereas Ameranth "contends that the license granted in the Agreement is limited to the subset of claims practiced by the Software." [*Id.*] Profitstreams seeks "a declaratory judgment regarding the scope of the license granted under the Agreement." [*Id.* at p.3.] Or in the alternative, to rescind the Agreement for a lack of meeting of the minds. [*Id.*] Profitstreams asserts the Agreement requires that the parties resolve this dispute through arbitration, but Ameranth refuses to agree on an arbitration service, thereby preventing Profitstreams from initiating arbitration proceedings. [*Id.*]

While the Court does not now decide whether Profitstreams's claims are subject to arbitration,[3] the Court concludes the petition is sufficient to survive Ameranth's motion for a more definite statement and motion to dismiss.  The petition contains plausible allegations, sufficient for Ameranth to compose a meaningful response to Profitstreams's request that the Court order the parties to arbitration.

/ / /

---

[3] For this reason, the Court **DENIES** without prejudice Ameranth's request for the Court to take judicial notice of an action pending in Colorado. [Doc. No. 20.]

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Ameranth's motion for a more definite statement, or, in the alternative, to dismiss the petition for failure to state a claim upon which relief can be granted. **IT IS FURTHER ORDERED** that Ameranth shall file its opposition to the petition on or before ***September 6, 2011*** and Profitstreams shall file its reply, if any, on or before ***September 19, 2011***. The hearing on Profitstreams's petition to compel arbitration is hereby set for ***September 26, 2011*** at ***2:30 p.m.*** in Courtroom 5.

**IT IS SO ORDERED.**

DATED: August 17, 2011

Hon. Michael M. Anello
United States District Judge